11-2428-cr
*United States v. Andeliz*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*

————————————————————————————

UNITED STATES OF AMERICA,

                  *Appellee,*

         -v.-                              11-2428-cr

QUENIDA ANDELIZ,

                  *Defendant-Appellant.*

————————————————————————————

FOR APPELLANT:      Francis L. O'Reilly, O'Reilly & Shaw LLC,
                    Southport, CT.

FOR APPELLEE:       David T. Huang, Assistant United States
                    Attorney (Sandra S. Glover, Assistant
                    United States Attorney, *on the brief*),
                    *for* David B. Fein, United States Attorney
                    for the District of Connecticut, New
                    Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Thompson, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut be **AFFIRMED**.

Appellant Quenida Andeliz appeals from a judgment of the United States District Court for the District of Connecticut (Thompson, *C.J.*), which, among other things, sentenced her to the statutory mandatory minimum of 60 months' incarceration for her participation in a cocaine distribution conspiracy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Andeliz claims that the district court erred in finding her ineligible for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Specifically, Andeliz takes issue with the district court's determination that she had not satisfied the fifth criterion of § 3553(f), which requires the defendant to prove to the district court that she has provided "*all* information and evidence [she] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5) (emphasis added); *United States v. Gambino*, 106 F.3d 1105, 1110 (2d Cir. 1997).

We review a district court's factual findings regarding a defendant's eligibility for safety valve relief for clear error, and we review any legal interpretations of the safety valve provisions de novo. *See United States v. Jeffers*, 329 F.3d 94, 97 (2d Cir. 2003). Here, the district court did not err in determining that Andeliz was not eligible for relief under the safety valve provisions. It is clear from the record that inconsistencies in Andeliz's testimony with regard to her involvement with the drug conspiracy in question demonstrated to the court that Andeliz was not sufficiently forthright about her role in that conspiracy to warrant safety valve relief.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk